IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

CHRISTOPHER THORNTON,               *

      Plaintiff,                     *

vs.                                           *
                                              CASE NO. 4:18-CV-80 (CDL)
EQUIFAX INFORMATION SERVICES,   *
LLC and KINETIC CREDIT UNION,
                                          *

      Defendants.
                                          *

## O R D E R

Christopher Thornton alleges that Kinetic Credit Union reported false credit information to consumer reporting agencies, in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 to 1681x. In addition to his FCRA claims, Thornton asserts state law claims against Kinetic for defamation and litigation expenses. Maintaining that Thornton's state law claims are preempted by the FCRA, Kinetic moved to dismiss those claims. For the reasons explained in the remainder of this Order, Kinetic's partial motion to dismiss (ECF No. 13) is granted.

## MOTION TO DISMISS STANDARD

"To survive a motion to dismiss" under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In other words, the factual allegations must "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims. *Id.* at 556. But "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable.'" *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 556).

FACTUAL ALLEGATIONS

Thornton alleges the following facts in support of his claims. The Court must accept these allegations as true for purposes of the pending motion.

Thornton filed a Chapter 7 bankruptcy petition. He received a discharge of his debts on February 7, 2017, including his delinquent accounts with Kinetic. Thornton alleges that although Kinetic received notice of his discharge from the bankruptcy court, Kinetic falsely reported to the credit bureaus that Thornton had delinquent balances and that his accounts had been charged off. Thornton received notice of these reports when he was rejected for a loan in April 2017. He disputed these reports to Equifax, and he believes that Equifax notified

2

Kinetic of the disputes as required by the FCRA. Equifax later responded that it had researched the issue and made some revisions to Thornton's credit file. Thornton then applied for a car loan and had his Equifax credit report pulled again. He alleges that he was denied the car loan because Kinetic continued to report the false information. After that denial, Thornton again disputed the report through Equifax. He alleges that based on the "extensive communication history regarding the inaccuracy of the information that Kinetic was publishing to the credit bureaus," Kinetic knew or should have known that it was reporting false information about Thornton's accounts but did it anyway, "maliciously and with intent to injure" him, despite knowing that the false information would be provided to Thornton's prospective credit grantors. Compl. ¶¶ 48-50, ECF No. 1.

DISCUSSION

Thornton asserts a FCRA claim under 15 U.S.C. § 1681s-2 against Kinetic as a furnisher of information to consumer reporting agencies. He also brings state law claims against Kinetic for defamation and for litigation expenses pursuant to Georgia law. Kinetic argues that Thornton's state law claims are preempted under the FCRA, specifically 15 U.S.C. § 1681t(b)(1)(F). That provision states: "No requirement or prohibition may be imposed under the laws of any

3

State [except specified Massachusetts and California statues] . . . with respect to any subject matter regulated under . . . [15 U.S.C. § 1681s-2], relating to the responsibilities of persons who furnish information to consumer reporting agencies." 15 U.S.C. § 1681t(b)(1)(F).  This provision on its face clearly preempts state law claims against furnishers of credit information under the circumstances alleged in Thornton's complaint.

But Thornton points to 15 U.S.C. § 1681h(e) as an exception to this broad preemption.  That provision, which was adopted by Congress twenty-six years before it enacted 15 U.S.C. § 1681t(b)(1)(F), reads as follows:

> Except as provided in sections 1681n and 1681o of this title, no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, . . . except as to false information furnished with malice or willful intent to injure such consumer.

15 U.S.C. § 1681h(e).  This provision provides limited preemption when the furnisher of credit information does not act with malice or willful intent.  When the furnisher acts with such intent, however, there is no preemption.  This limited preemption certainly conflicts with the complete preemption found in 15 U.S.C. § 1681t(b)(1)(F).  Some courts, including

4

this one, have engaged in linguistic gymnastics to find that these two provisions do not conflict. *See, e.g., Purcell v. Bank of Am.*, 659 F.3d 622, 625-26 (7th Cir. 2011); *Macpherson v. JPMorgan Chase Bank, N.A.*, 665 F.3d 45, 47 (2d Cir. 2011). This Court now finds the rationale of those cases unpersuasive.[1]

When these two provisions are read in the context of the entire FCRA, it is clear that both provisions apply to furnishers of credit information under the circumstances alleged in Thornton's complaint. Section 1681h(e) permits a state law defamation claim against a furnisher based on false information provided to a consumer reporting agency with malice or willful intent to injure the consumer. But § 1681t(b)(1)(F) preempts a state law claim against a furnisher who knowingly reports inaccurate information.

The Court recognizes that "[r]espect for Congress as drafter counsels against too easily finding irreconcilable conflicts in its work." *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1619, 1624 (2018) (addressing a claimed conflict between the Federal Arbitration Act and the National Labor Relations Act and concluding that there was no conflict because the two acts "enjoyed separate spheres of influence"). And, "respect for the

---

[1] The Court recognizes that today's ruling is contrary to its previous ruling in *Comer v. J.P. Morgan Chase Bank, N.A.,* No. 4:11-cv-88, 2012 WL 4210426 (M.D. Ga. Sept. 18, 2012) (finding that 15 U.S.C. § 1681h(e) is an exception to 15 U.S.C. § 1681t(b)(1)(F)). Better to have learned late than never to have learned at all.

5

separation of powers counsels restraint." *Id.* Therefore, the rules "aim[] for harmony over conflict in statutory interpretation," and those rules "grow from an appreciation that it's the job of Congress by legislation, not [the courts] by supposition, both to write the laws and to repeal them." *Id.* In this case, the two provisions of the FCRA cannot be harmonized unless providing false information with "malice or willful intent to injure," § 1681h(e), means something different than providing false information that the furnisher "knows or has reasonable cause to believe that the information is inaccurate," which is prohibited under § 1681s-2(a)(1)(A). If this language means the same thing, the FCRA contains one provision that provides complete preemption and another that provides limited preemption under the same exact circumstances—a better example of direct conflict could not be found.

The FCRA does not define "malice" or "willful intent to injure." The Supreme Court defined "malice" necessary to overcome a qualified privilege under the First Amendment as publishing a statement "with knowledge that it was false or with reckless disregard of whether it was false or not." *New York Times Co. v. Sullivan*, 376 U.S. 254, 280 (1964). This standard should apply to define the intent necessary to overcome the FCRA's qualified privilege expressed in § 1681h(e); if a bank furnishes false negative credit information about a consumer

6

despite knowing that it is false and that it will appear on the consumer's credit report and impact credit decisions regarding the consumer, that act can fairly be said to be with malice or willful intent to injure such consumer. Thus, the two provisions cannot be harmonized: state law defamation claims like the ones Thornton asserts are permitted under § 1681h(e) but barred under § 1681t(b)(1)(F).

Having determined that an irreconcilable conflict exists, the Court next must decide what to do about it. Caution is warranted because "repeals by implication are 'disfavored.'" *Epic Sys.*, 138 S. Ct. at 1624 (quoting *United States v. Fausto*, 484 U.S. 439, 452, 453 (1988)). "'Congress will specifically address' preexisting law when it wishes to suspend its normal operations in a later statute." *Id.* But, "[t]here are two well-settled categories of repeals by implication: (1) Where provisions in the two acts are in irreconcilable conflict, the later act to the extent of the conflict constitutes an implied repeal of the earlier one; and (2) if the later act covers the whole subject of the earlier one and is clearly intended as a substitute, it will operate similarly as a repeal of the earlier act." *Posadas v. Nat'l City Bank of New York*, 296 U.S. 497, 503 (1936). For one statute to displace another, there must be "'a clearly expressed congressional intention' that such a result should follow." *Epic Sys.*, 138 S. Ct. at 1624 (quoting *Vimar*

*Seguros y Reaseguros, S.A. v. M/V Sky Reefer*, 515 U.S. 528, 533 (1995)). "The intention must be 'clear and manifest.'" *Id.* (quoting *Morton v. Mancari*, 417 U.S. 535, 551 (1974)); *accord Posadas*, 296 U.S. at 503. Of course, "[w]hen a statute specifically permits what an earlier statute prohibited, or prohibits what it permitted, the earlier statute is (no doubt about it) implicitly repealed." Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 327 (2012).

With regard to the two provisions of the FCRA at issue in this case, § 1681h(e) was part of the original FCRA, which did not impose duties on furnishers of credit information or create a right of action against furnishers based on their furnishing of inaccurate credit information to consumer reporting agencies. *See, e.g., Rush v. Macy's New York, Inc.*, 775 F.2d 1554, 1557 (11th Cir. 1985) (noting that under the pre-1996 statute, "civil liability for improper use and dissemination of credit information may be imposed only on a consumer reporting agency or user of reported information who willfully or negligently violates the [Act]," and concluding that consumers could not bring an FCRA claim against a creditor for furnishing information to a credit reporting agency).

Twenty-six years after the FCRA was originally enacted, Congress enacted the Consumer Credit Reporting Reform Act of

8

1996, a comprehensive overhaul of the FCRA. As part of that overhaul, Congress added § 1681s-2 to impose specific duties on furnishers of information to consumer reporting agencies. Consumer Credit Reporting Reform Act of 1996, Pub. L. 104-208 § 2413(a)(2), 110 Stat. 3009-447 to 3009-448. Congress also added an enforcement scheme for alleged FCRA violations by furnishers of credit information, with significant limitations on liability and enforcement. *Id.* § 2413, 110 Stat. 3009-448, codified at 15 U.S.C. § 1681s-2(c)-(d). And Congress added § 1681t(b)(1)(F), which expressly preempts state law "with respect to any subject matter regulated under . . . section [1681s-2]." Consumer Credit Reporting Reform Act of 1996, Pub. L. 104-110 § 2419, 110 Stat. 3009-452 to 3009-453. In summary, the Consumer Credit Reporting Reform Act of 1996 imposed duties on furnishers of credit information under the FCRA for the first time; created new but limited remedies for violations of those duties; and declared that the states could not regulate any subject matter regulated under § 1681s-2 (which imposed those new duties on furnishers of credit information). In the Court's view, the Consumer Credit Reporting Reform Act of 1996 is a clear and manifest expression of Congress's intent to regulate the duties of credit information furnishers and to displace state law on this subject. So, § 1681h(e) is implicitly repealed to the extent it conflicts with § 1681t(b)(1)(F).

9

Thornton's state law claims are therefore preempted under § 1681t(b)(1)(F).

CONCLUSION

As discussed above, Kinetic's partial motion to dismiss (ECF No. 13) is granted.

IT IS SO ORDERED, this 5th day of November, 2018.

                                        S/Clay D. Land
                                        CLAY D. LAND
                                        CHIEF U.S. DISTRICT COURT JUDGE
                                        MIDDLE DISTRICT OF GEORGIA